UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re | : |
| | : |
| THOMAS J. RICHARDSON, | : |
| | : |
|     Debtor | : |
| | : |
| _____ | : |
| | : No. 3:01CV2126(DJS) |
| MICHAEL J. DALY, TRUSTEE | : |
| | : |
|     Plaintiff/Appellee, | : |
| | : |
| v. | : |
| | : |
| ANNE V. RICHARDSON, | : |
| | : |
|     Defendant/Appellant. | : |

### MEMORANDUM OF DECISION AND ORDER

The appellant, Anne V. Richardson, filed this appeal of a final order of the United States Bankruptcy Court for the District of Connecticut (Dabrowski, J.) rendering judgment in favor of the trustee on his claim that the debtor's transfer of real property to her was a fraudulent transfer and ordering her to convey the property to the trustee by appropriate deed. See Findings of Fact and Conclusions of Law on Trustee's Complaint for Avoidance of Transfer, Daly v. Richardson (In re Richardson), No. 95-3075 (Bankr. D. Conn. Oct. 23, 2001). For the reasons that follow, the decision of the bankruptcy court is **AFFIRMED**.

## I.  BACKGROUND

This appeal concerns an adversary proceeding to recover the debtor's, Thomas Richardson ("Richardson" or "debtor"), interest in 46 Hintz Drive, Wallingford, Connecticut that Richardson conveyed by quitclaim deed, recorded on November 14, 1991, to his wife, Anne Richardson ("Mrs. Richardson").  An involuntary petition for relief under Chapter 7 was filed against Richardson on July 19, 1995, and Michael Daly was appointed trustee on August 21, 1995.

Richardson participated in a Ponzi scheme run by Richardson's business associate, and apparent law partner, John Carrozzella.  Through several de facto business associations, Carrozzella and Richardson defrauded investors of millions of dollars in the early 1990s.  Both Carrozzella and Richardson were convicted of federal crimes based upon their participation in this scheme.

On October 23, 2001, following a two-day trial to the court, the bankruptcy court issued its Findings of Fact and Conclusions of Law on Trustee's Complaint for Avoidance of Transfer.  The bankruptcy court found that the trustee had standing to bring this claim, that the trustee had proven that Richardson transferred his interest in 46 Hintz Drive without receiving reasonably equivalent value in return, and that Richardson was either insolvent, about to engage in a transaction of business

for which his assets were unreasonably small in relation to the transaction, or believed that he would incur debts beyond his ability to pay. The bankruptcy court entered judgment in favor of the trustee and ordered Mrs. Richardson to convey the transferred interest to the trustee. Mrs. Richardson then took a timely appeal of the bankruptcy court's decision to this court.

Appellant urges reversal on several grounds. Specifically, appellant contends that the bankruptcy court erred by (1) taking judicial notice of creditor claims filed against Richardson; (2) admitting tax returns filed by Carrozzella and Richardson and John and Elisa Richardson; (3) concluding that the trustee met his burden of proving by clear and convincing evidence that Richardson was insolvent when he transferred his interest in 46 Hintz Drive to Mrs. Richardson; and (4) not recognizing Mrs. Richardson's good faith transferee lien on the property.

### III. STANDARD OF REVIEW

Generally, the district court reviews the bankruptcy court's conclusions of law <u>de novo</u> and its findings of fact under a "clearly erroneous" standard. <u>In re Duplan Corp.</u>, 212 F.3d 144 (2d Cir. 2000); <u>In re Manville Forest Prods. Corp.</u>, 896 F.2d 1384, 1388 (2d Cir. 1990). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" <u>Zervos v.

Verizon New York, Inc., 252 F.3d 163, 168 (2d Cir. 2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

## IV. DISCUSSION

### A. JUDICIAL NOTICE OF ALLOWABLE CLAIMS

Appellant contends that the bankruptcy court improperly took judicial notice of the fact that creditors had submitted allowable claims predating Richardson's transfer of his interest in 46 Hintz Drive to his wife. Under the Federal Rules of Evidence,

> [a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

The evidence the court admitted under Rule 201 established the trustee's standing to bring the underlying action to set aside a fraudulent transfer under Connecticut law. The trustee derives his authority to avail himself of state law provisions invalidating fraudulent transfers from 11 U.S.C. § 544(b)(1), which provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title. . . ."  11 U.S.C. § 544(b)(1).  Under the

-4-

provisions of Connecticut law upon which the trustee bases his claim, the trustee must establish that a claim existed prior to the fraudulent transfer.  See Conn. Gen. Stat. §§ 52-552e(a) & 52-552f(a). "As is plain from the language of Sections 52-552e, 52-552f and 52-552h [of the Connecticut General Statutes], transfer avoidance is available to the Trustee under state law only if he enjoys the status and rights of a creditor whose claim 'arose before the transfer was made.'"  In re All-Type Printing, Inc., 274 B.R. 316, 323 (Bankr. D. Conn. 2002).  Therefore, in order for the trustee to have standing to bring the underlying action, he must establish the existence of a "creditor holding an unsecured claim that is allowable under section 502 of this title" that arose prior to November 14, 1991, which is the date of the allegedly fraudulent transfer.

The bankruptcy court properly took judicial notice of the existence of allowable claims arising prior to November 14, 1991. "A creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a).  "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects."  11 U.S.C. § 502(a).  The fact that proofs of claims were filed and deemed allowable is a matter of public record and not subject to reasonable dispute.  Although appellant

takes issue with the propriety of these claims, it is not disputed that the claims are allowable within the meaning of 11 U.S.C. § 502, which is all that is required under 11 U.S.C. § 544(b). The finding of the bankruptcy court is affirmed.

## B. ADMISSION OF TAX RETURNS

Appellant claims that the bankruptcy court improperly admitted, over her hearsay objections, the tax returns for an entity known as Carrozzella and Richardson for the years 1990, 1991, 1993, and 1994 ("partnership returns"), and for John and Elisa Carrozzella for the years 1991, 1992, and 1993 ("Carrozzella returns"). The district court reviews the bankruptcy court's decision to admit or exclude evidence under an abuse of discretion standard. See Schering Corp. v. Pfizer Inc., 189 F.3d 218, 224 (2d Cir. 1999). A bankruptcy court abuses or exceeds its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision--though not necessarily the product of a legal error or a clearly erroneous factual finding--cannot be located within the range of permissible decisions." Zervos, 252 F.3d at 169. "An evidentiary ruling that is an abuse of discretion is, however, only reversible if it also affects a party's substantial rights." Schering Corp., 189 F.3d at 224; see Fed. R. Evid. 103(a).

Assuming, but not deciding, that the bankruptcy court erred

in admitting the partnership and Carrozzella returns, this error was harmless. The issue before the bankruptcy court was whether Richardson was insolvent on November 14, 1991 when he transferred title to the family residence to his wife. Richard Finkel, a forensic accountant, testified that Richardson was insolvent from 1990 through 1994. The partnership and Carrozzella tax returns merely corroborated information discovered through an examination of the partnership and Carrozzella's financial records. Further, the information Finkel discusses in his testimony is reflected in Richardson's own tax return, which is admissible. Therefore, because an expert may rely upon inadmissible documents "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject," see Fed. R. Evid. 703, such as the returns referenced here, admission of the partnership and Carrozzella tax returns as full exhibits was harmless error.

### C. REMAINING ARGUMENTS

Appellant asserts two other arguments. First, appellant argues that the evidence was insufficient for the bankruptcy court to find, by clear and convincing evidence, that Richardson was insolvent at the time he transferred his interest in 46 Hintz Drive to his wife. An expert witness, Finkel, testified at length regarding the state of Richardson's finances from 1990 through 1994 and concluded that Richardson was insolvent in 1990.

Finkel's testimony is sufficient to support the conclusion that Richardson was insolvent when he transferred his interest in the family residence to his wife.

Second, appellant contends that the bankruptcy court failed to allow for Mrs. Richardson's lien, which allegedly had arisen under the terms of 11 U.S.C. § 550(e), on 46 Hintz Drive when it ordered Mrs. Richardson to convey Richardson's interest back to him.  Appellant has waived this argument because she failed to plead the existence of the lien and raise the existence of the lien in any fashion before the bankruptcy court.

## V. CONCLUSION

For the reasons set forth herein, the decision of the Bankruptcy Court is **AFFIRMED**.  The Clerk of the Court shall close this file.

So ordered this 28th day of September, 2004.

                                             **/s/DJS**
                            _____
                              **DOMINIC J. SQUATRITO**
                         **UNITED STATES DISTRICT JUDGE**